PER CURIAM.
During the voir dire examination of the jury, counsel for appellant learned for the first time of the identity of an eyewitness to appellant’s arrest. Counsel advised the prosecutor and introduced him to the witness, who was brought to the courthouse. Since the witness’s testimony was material and favorable to appellant’s ease, appellant offered to agree to a continuance or any other remedy to offset any possible prejudice to the state. After some discussion, *1350 appellant requested a formal Richardson[1] hearing to demonstrate his lack of culpability in the circumstances and willingness to do what was necessary to preclude any prejudice to the state and to prevent the extreme sanction of excluding the witness. However, the trial judge refused the request, excluded the witness, and ordered the trial to proceed.
It is settled law that the extreme sanction of excluding a material witness should be resorted to only in the most compelling circumstances. Lee v. State, 534 So.2d 1226 (Fla. 1st DCA 1988); Baker v. State, 522 So.2d 491 (Fla. 1st DCA 1988); Patterson v. State, 419 So.2d 1120 (Fla. 4th DCA 1982); Adams v. State, 366 So.2d 1236 (Fla. 2d DCA 1979); Hotchkiss v. State, 367 So.2d 727 (Fla. 4th DCA 1979).
The excluded witness was appellant’s only witness and the record reflects that his testimony would have been material. Furthermore, the record indicates that appellant was unaware of the witness prior to trial. Under the circumstances, before the trial court could invoke sanctions or take other action, a Richardson hearing was mandated.
Accordingly, having considered all of appellant’s arguments, we reverse the judgment and sentence based upon the Richardson violation and remand the cause for a new trial.
DOWNEY and GARRETT, JJ., and WALDEN, JAMES H. (Retired), Associate Judge, concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).