STONE, Judge.
We reverse appellant’s conviction and sentence for attempted burglary of a dwelling.[1] The trial court erred by failing to conduct a “Richardson” hearing when it appeared at trial that the state committed a discovery violation by not revealing a statement made by appellant.
In response to the appellant’s demand for discovery, the state submitted the name and address of Officer Whitehurst as a witness. The state also responded that it was “unknown” whether the prosecution had possession, control or knowledge of any statements by the defendant. At trial, the officer testified that the defendant falsely responded to questioning by stating that his name was “Elmo Smith.” The defense objected and requested a mistrial immediately for prosecutorial misconduct.
Although the state asserts that the discovery violation issue is raised on appeal for the first time, and that only a hearsay objection was raised at trial, our review of the record reflects defense counsel’s timely statement to the court:
I’m going to object at this time, Judge. There’s no mention of any statements being given by the defendant anywhere in the discovery.
The trial court made no inquiry into the surrounding circumstances pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971) after the possible discovery violation was brought to its attention. Therefore, reversal is mandated even if the error is harmless. E.g. Smith v. State, 500 So.2d 125 (Fla.1986); Raffone v. State, 483 So.2d 761 (Fla. 4th DCA 1986).
The state’s argument that, patently, the defense knew of the witness and failed to depose him is insufficient to overcome the strict mandate of Richardson. E.g. Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977).
DELL and WARNER, JJ., concur.

. The state concedes that there is a clerical error on the commitment order that incorrectly re-fleets a burglary conviction.