596 So.2d 1295 (1992)
Joseph RAINEY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00763.
District Court of Appeal of Florida, Second District.
May 1, 1992.
*1296 Richard J. Sanders, Gulfport, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Following a jury trial, the appellant was convicted of one count of kidnapping and one count each of aggravated assault, battery, and displaying or using a weapon while committing a felony. We reverse because we believe a discovery violation by the state during trial was so prejudicial to the defense that the appellant's motion for a mistrial should have been granted.
The offenses which are the subject of this proceeding all arose from an incident that occurred at the Veterans' Administration Office in downtown St. Petersburg on May 11, 1989. Witnesses described the appellant's behavior at the time as rather bizarre. The defense at trial was insanity. Two psychologists testified that the appellant was suffering from paranoid schizophrenia at the time of the offenses, and he could not distinguish between right and wrong or appreciate the nature of his actions.
During its case in chief, the state presented testimony from six individuals who were inside the Veterans' Administration Building at the time of the incident. During the direct examination of one of these witnesses, the following colloquy took place:
Q. Did you ever hear the defendant make any statements as to whether or not he knew what he was doing was wrong?
A. Yes, sir.
Q. Was this in response to questions, or did he just come out with a statement?
A. It was in response to a question. The question was do you believe in God?
Q. What was his response to that?
A. His response was yes. I am a Christian. I know that what I'm doing is wrong and that I will roast in hell for this.
Defense counsel immediately asserted a discovery violation in that the statement of the appellant to which the witness testified had not been revealed to the defense. Defense counsel claimed prejudice and moved for a mistrial. The state's only response was that the witness who gave the testimony quoted above had been listed as a witness since the onset of the case and "certainly he's been available for deposition."
The trial court did not seem to be fully convinced that there was a discovery violation involved here, but there was, and it was egregious. The discovery rule, Florida Rule of Criminal Procedure 3.220(b)(1)(iii), directs that the state disclose any written or recorded statement and the substance of any oral statements made by the accused, together with the name and address of each witness to the statements. The fact that the defense may have known the witness's name and failed to depose him is insufficient to overcome the state's failure to inform the defense of a statement made by the defendant to which the witness testifies. A.M. v. State, 593 So.2d 316 (Fla. 4th DCA 1992).
The trial court commented that the testimony might be prejudicial, but it was not grounds for a mistrial. We disagree. The appellant had a strong insanity defense which was completely undermined by this discovery violation. We believe there was no remedy other than a mistrial and that the trial court erred in failing to declare a mistrial as requested by the defense.
For the foregoing reasons, we reverse and remand for further proceedings.
SCHOONOVER, C.J., and FRANK, J., concur.