654 So.2d 1225 (1995)
Keith L. MASON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00755.
District Court of Appeal of Florida, Second District.
May 5, 1995.
*1226 James Marion Moorman, Public Defender, Bartow, and Karen Kinney, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Keith L. Mason seeks review of his convictions for grand theft in Case No. 93-11974 and uttering a forged check in Case No. 93-12207. Mason, however, filed a notice of appeal only in Case No. 93-12207. We have no jurisdiction of Case No. 93-11974; therefore, we dismiss the appeal of Case No. 93-11974 without prejudice to Mason to file a motion with the trial court pursuant to Florida Rule of Criminal Procedure 3.850 seeking a belated appeal. See Stephenson v. State, 640 So.2d 117 (Fla. 2d DCA), review granted, 649 So.2d 235 (Fla. 1994). We reverse Case No. 93-12207 for failure of the trial court to conduct a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla. 1971).[1]
During the direct examination of a witness, the prosecutor asked the witness what conversation he had with the defendant. Defense counsel objected because the state had not disclosed to the defense any statement that Mason may have made to the witness. Defense counsel sought a Richardson hearing, which the trial court denied.
The state was obligated to disclose to Mason any statement that Mason made. *1227 See Fla.R.Crim.P. 3.220(b)(1)(C). The fact that the witness was on the state's witness list and Mason failed to depose him does not vitiate the state's discovery violation. See Rainey v. State, 596 So.2d 1295 (Fla. 2d DCA 1992). Once the trial court is aware of the state's failure to provide discovery, the trial court must conduct a hearing which addresses whether the state's violation was wilful or inadvertent, whether the violation was substantial or trivial, and the prejudicial effect of the violation on the defendant's trial preparation. Richardson v. State, 246 So.2d 771 (Fla. 1971). The failure to conduct a Richardson hearing is reversible error unless the appellate court concludes beyond a reasonable doubt that the defense was not prejudiced procedurally. State v. Schopp, 653 So.2d 1016 (Fla. 1995). We cannot say that the discovery violation was harmless error and are compelled to reverse the conviction for uttering a forged check and to remand for a new trial.
We note that Mason filed a pro se Motion to Dismiss Counsel after his trial but before sentencing. The trial judge denied the motion without conducting any type of inquiry. Although our disposition of this appeal has mooted this issue, we address it because Mason may raise this issue again when he is retried.
A defendant has no constitutional right to different court-appointed counsel; therefore, it is presumed that a defendant who files a motion to dismiss his court-appointed counsel is exercising his right to self-representation. Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988). The court is required in this situation to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel. This inquiry must cover the defendant's age, mental status, education, experience, and the nature and complexity of the case. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). See also Fla.R.Crim.P. 3.111(d).
When a defendant raises the incompetency of counsel, the court must conduct an inquiry of the defendant and his appointed counsel to determine whether the counsel has rendered effective assistance. Hardwick, 521 So.2d at 1074. Of course, the trial court's inquiry can be only as specific as the defendant's complaints; however, the court must attempt to clarify the defendant's complaints. Lowe v. State, 650 So.2d 969 (Fla. 1994). If Mason again moves the court to discharge his counsel, the trial judge must not deny the motion summarily but must make an adequate inquiry consistent with this opinion.
Case No. 93-11974 is dismissed; Case No. 93-12207 is reversed and remanded for a new trial.
FRANK, C.J., and PARKER and WHATLEY, JJ., concur.
NOTES
[1] We have considered Mason's issue raising the sufficiency of the evidence. We conclude, without discussion, that the state presented sufficient evidence for the trial court to submit the case to the jury.