724 So.2d 122 (1998)
M.N., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0860.
District Court of Appeal of Florida, Fourth District.
November 18, 1998.
*123 Richard L. Jorandby, Public Defender, and Eric Gottlieb, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
Appellant, a juvenile, appeals the trial court's order adjudicating him guilty of battery. He claims that the trial court erred by excluding his only witness as a sanction for appellant's failure to list the witness on the pretrial witness list, even though the state was aware of his existence, as the witness was the former co-defendant with appellant. We hold that the trial court erred in excluding the witness without a Richardson[1] hearing.
Appellant was charged with battery of a fellow student. At trial, the victim testified that appellant struck him because the victim refused to give him money which appellant and another child, D.L., had been extorting from him for several months. D.L. was originally charged as a co-defendant with appellant in the case. At the start of the defense case, appellant's attorney attempted to call D.L. as a witness, and the state objected on the ground that D.L. was not listed as a defense witness. In response, appellant's attorney argued that the state was not prejudiced by the omission of D.L. from the defense witness list, since he was included on the state's list of witnesses. The court sustained the state's objection, finding simply that the defense failed to comply with the rules requiring the defense to provide a list of witnesses to the state. Appellant presented no other witnesses and was found guilty of the offense by the court.
Florida Rule of Criminal Procedure 3.220 requires a defendant who elects to participate in discovery to provide a witness list to the state. In Richardson, the supreme court noted the following with regard to a discovery violation by the state:
The point is that if, during the course of the proceedings, it is brought to the attention of the trial court that the state has failed to comply with Rule 1.220(e) CrPR, the court's discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state's violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.
Once the court has considered all of the circumstances, it has authority to enter such order as it deems just. Rule 1.220(g) CrPR. However, in those cases where the court determines that the state's noncompliance with the rule has not prejudiced the ability of the defendant to properly prepare for trial, we deem it essential that the circumstances establishing non-prejudice to the defendant affirmatively appear in the record.
246 So.2d at 775 (emphasis added)(quoting Ramirez v. State, 241 So.2d 744, 747-48 (Fla. 4th DCA 1970)). Since the foregoing requirement applies equally in juvenile proceedings, see A.M. v. State, 593 So.2d 316, 317 (Fla. 4th DCA 1992), and to defense discovery violations, see Livingston v. State, 575 So.2d 1349, 1350 (Fla. 4th DCA 1991), appellant's failure to list the co-defendant as a witness constituted a Richardson violation.
Although a trial court has discretion in remedying discovery violations, see State v. Tascarella, 580 So.2d 154, 156 (Fla. 1991), in the present case, the trial court made no inquiry as to any of the considerations under Richardson. The only inquiry made was whether the defense failed to provide a witness list, which was insufficient to meet the requirements of Richardson. As a result, it was error to exclude the witness. See Tarrant v. State, 668 So.2d 223, 225 (Fla. 4th DCA 1996); Livingston, 575 So.2d at 1350.
*124 A Richardson error is subject to the harmless error analysis. See State v. Schopp, 653 So.2d 1016, 1019 (Fla.1995). Generally, whether a case is civil or criminal, a court should only exclude witnesses under the most compelling circumstances, particularly when it is the party's only witness. See Griefer v. DiPietro, 708 So.2d 666, 670 (Fla. 4th DCA 1998); Myron v. South Broward Hosp. Dist., 703 So.2d 527, 529 (Fla. 4th DCA 1997); Keller Indus. v. Volk, 657 So.2d 1200, 1202-03 (Fla. 4th DCA), rev. denied, 666 So.2d 146 (Fla.1995); Livingston, 575 So.2d at 1350.
In a criminal case, the exclusion of a defense witness for a discovery violation implicates a defendant's sixth amendment right to present witnesses as well as the fundamental right to due process. See Taylor v. Illinois, 484 U.S. 400, 414, 108 S.Ct. 646, 656, 98 L.Ed.2d 798 (1988). The burden to prove the harmlessness of a constitutional error is on the state, which it must do beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). In the present case, the trial court excluded appellant's sole witness. In Schopp, the court provided the following in regard to harmless error analysis of Richardson violations:
In determining whether a Richardson violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefitted the defendant. In making this determination every conceivable course of action must be considered. If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful. In other words, only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.
653 So.2d at 1020-21. Under this standard, we cannot say that the error was harmless beyond a reasonable doubt.
Reversed and remanded for a new trial.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771, 775 (Fla. 1971).