THREADGILL, Acting Chief Judge.
The appellant, Paul Kucher, challenges his convictions following jury trial of possession of cocaine with intent to sell or deliver and possession of drug paraphernalia. We reverse because of a discovery violation.
Immediately before jury selection, the assistant state attorney informed the trial court that Officer Johnson, the arresting officer, recently advised him that the appellant had made some oral admissions to Officer Johnson during the execution of the search warrant that Officer Johnson had failed to mention in his report. According to the attorneys on both sides, Officer Johnson’s information was a “surprise.” Defense counsel requested a continuance. The trial court denied the request for a continuance, finding that there was no discovery violation because the State’s discovery notice indicated that there were statements made by the appellant but it was defense counsel’s “job to find them.”
Florida Rule of Criminal Procedure 3.220(b)(1)(C) provides that the prosecution shall disclose any written or recorded statements and the substance of any oral statements made by the defendant, together with the name and address of each witness to the statements. Failure to give all of the required information is a discovery violation. See Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977). The fact that defense counsel has been provided the witness’s name and fails to depose the witness does not excuse prosecution’s failure to inform the defense of a statement made by the defendant to which the witness will testify. See Rainey v. State, 596 So.2d 1295 (Fla. 2d DCA 1992). Thus, the trial court erred in finding that there was no discovery violation.
The record shows that the appellant was prejudiced. Officer Johnson’s trial testimony indicates that the admissions obtained from the appellant were elicited after Officer Johnson suggested or, as the appellant argues, threatened he could have the appellant’s fiancé arrested. We agree with the appellant’s argument that, had there been adequate notice of the statements, he could have filed a motion to suppress the statements on the basis that they were improperly obtained as a result of the threat.
We reverse and remand for a new trial. We need not reach the appellant’s other point on appeal.
Reversed.
BLUE and STRINGER, JJ„ Concur.