912 So.2d 698 (2005)
Mark Anthony POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4959.
District Court of Appeal of Florida, Second District.
October 28, 2005.
*699 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Mark Anthony Powell appeals his judgment and sentence for burglary of a dwelling *700 with assault or battery, battery, and obstructing an officer without violence. Because the trial court did not conduct an adequate Richardson[1] hearing, and our record does not support a conclusion that the error was harmless, we reverse and remand for a new trial.
On December 13, 2003, Powell went to the residence of Denise Lindsey, whom he had dated five years earlier. Lindsey and Alvin Lewis were asleep when Powell knocked on the door at about 10:30 p.m. Lindsey went to the door, and Powell asked for his toolbox. Lindsey said that she did not have it. Lewis then came out of the bedroom, and a fight ensued between Lewis and Powell. Lindsey and Lewis testified that, without provocation, Powell attacked Lewis. The defense put on evidence to support its theory that it was Lewis who attacked Powell and that Powell had acted in self-defense.
Sergeant Gamson, who responded to the scene, testified on direct examination that when they were attempting to handcuff Powell, Powell "made clear through several spontaneous statements that he was not going to jail[.]" On cross-examination, when defense counsel asked if Powell tried to run away from the officers, Sergeant Gamson testified that Powell "made some spontaneous comments. I'm leaving, I didn't do nothing, stuff like that." Sergeant Gamson also testified that he had not been present for the Miranda[2] warnings. When asked if he had interviewed Powell, Sergeant Gamson said, "I don't think I can answer your question about interviewing. I was present when other things were happening, and I think statements may come into conflict with the defendant's rights, Your Honor." Defense counsel asked to approach the bench and stated that he believed there had been a Richardson violation; the trial court denied the request. Defense counsel then asked "[p]ermission to proffer the violation," to which the trial court responded, "No, not now." Later, during cross-examination, Sergeant Gamson mentioned another spontaneous statement Powell made that "he had been attacked by a sword."
After Sergeant Gamson's testimony was complete, the trial court asked counsel to explain what was the Richardson violation. Defense counsel responded that "there's nothing in the police report that reflects any statements of any kind made by my client, spontaneous or otherwise, as well as nothing in any of the police reports reflecting that my client was administered Miranda by anyone." Defense counsel stated that the sergeant's responses reflected "that something occurred that hadn't been revealed. And of course, at that point, it limited my ability to go further in my cross based on Your Honor's rulings." Although the trial court acknowledged that Powell had made spontaneous statements, the trial court overruled the Richardson objection because Sergeant Gamson had not conducted an interview of Powell.
Florida Rule of Criminal Procedure 3.220(b)(1) provides that if the defendant files a notice of discovery, the prosecutor "shall disclose to the defendant" certain information within the State's possession or control. Among the items that the prosecutor shall disclose are "any written or recorded statements and the substance of any oral statements made by the defendant, including a copy of any statements contained in police reports or report summaries, together with the name and address of each witness to the statements[.]" Fla. R.Crim. P. 3.220(b)(1)(C) (emphasis added).
*701 Powell argues that when the defense learned of the discovery violation at trial and brought it to the trial court's attention, the court was required to conduct a Richardson hearing to determine whether the violation was inadvertent or willful, whether it was trivial or substantial, and whether it prejudiced Powell's ability to prepare for trial. See Richardson, 246 So.2d at 776; Charles v. State, 903 So.2d 314, 316 (Fla. 2d DCA 2005). Powell contends that the trial court failed to make the requisite inquiry and determinations. The State responds that there was no discovery violation, that the defense failed to explore the issue in deposition, and that defense counsel failed to control the witness on cross-examination.
The trial transcript reflects that in overruling Powell's objection, the trial court did not specifically address the State's failure to disclose Powell's spontaneous statements and whether that failure was a discovery violation. Beyond that, the failure of the defense to depose a known witness "is insufficient to overcome the state's failure to inform the defense of a statement made by the defendant to which the witness testifies." Rainey v. State, 596 So.2d 1295, 1296 (Fla. 2d DCA 1992); see also Kucher v. State, 758 So.2d 1165, 1166 (Fla. 2d DCA 2000) (stating that failure to inform the defendant of oral admissions the defendant made during execution of a search warrant was a discovery violation); Mason v. State, 654 So.2d 1225, 1226-27 (Fla. 2d DCA 1995) (determining that failure to disclose the defendant's oral statement made in a witness's "conversation" with the defendant was a discovery violation). The fact that Sergeant Gamson disclosed Powell's spontaneous statements during his trial testimony does not resolve the discovery issue because once the trial court is made aware of a discovery violation, the trial court is required to conduct a hearing to address the Richardson factors. See Mason, 654 So.2d at 1227 (citing Richardson, 246 So.2d 771).
The record supports Powell's argument that the State's failure to provide to the defense the substance of his oral statements to Sergeant Gamson was a discovery violation. When this violation was brought to the trial court's attention, the court was obligated to make a full Richardson inquiry, but it did not do so. When a trial court fails to conduct an adequate Richardson hearing, the appellate court must apply a harmless error test that focuses on "whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense." State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995).
Procedural prejudice occurs when "there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant." Id. The Schopp court explained, "If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful." Id. at 1020-21. Further, it is the State's burden to establish that a discovery violation is harmless error. Id. at 1020. In Charles, 903 So.2d at 317, this court determined that the error was not harmless and noted that "a proper Richardson inquiry by the trial court would have permitted such a lack of prejudice to be determined. However, without such an inquiry, the record does not support a finding of harmless error with the degree of certainty required."
Here, defense counsel stated that his cross-examination of Sergeant Gamson *702 was limited by the discovery violation. The trial court did not consider whether, in fact, there was any procedural prejudice to the defense resulting from the State's failure to disclose to the defense that Powell had made oral statements. The record reflects that the State argued in closing that Lindsey was talking to Powell at her front door, that Powell kicked in the door and attacked Lewis, and that Lewis grabbed a sword in defense. The State also referred to Powell's oral statements when the prosecutor said that when the officers arrived, the first thing Powell said was, "Hey, I didn't do anything. I'm leaving." The State explained that the officers told Powell that he had to stay there until they determined what had happened. The defense theory, as argued in closing, was self-defense. The defense also argued that Lindsey and Lewis were not credible and that it was actually Lewis who first attacked Powell with a sword and that Powell was simply trying to defend himself.
Based on the record, we cannot say that there is no reasonable possibility that the trial preparation or strategy would not have been materially different if the discovery violation had not occurred. For example, defense counsel may have wanted to explore with Sergeant Gamson or others that Powell's statements were consistent with and supported the self-defense theory. Because the trial court did not conduct a proper Richardson hearing and because we cannot conclude that the discovery violation was harmless, we reverse and remand for a new trial.
Reversed and remanded.
NORTHCUTT and STRINGER, JJ., Concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla.1971).
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).