921 So.2d 28 (2006)
Pernele KISER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-5645.
District Court of Appeal of Florida, First District.
January 24, 2006.
Rehearing Denied February 20, 2006.
*29 Nancy A. Daniels, Public Defender, and Richard M. Summa, Assistant Public Defender, Tallahassee, Attorneys for Appellant.
Charlie Crist, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
THOMAS, J.
This is an appeal from Appellant's conviction for carjacking and battery on a person 65 years of age or older. Appellant raises three issues on appeal. We affirm without further discussion two of the issues raised by Appellant concerning insufficient evidence and improper prosecutorial comment in closing argument. In addition, we reject Appellant's argument that the State's discovery violation requires a new trial. Even assuming arguendo that the State's failure to disclose Appellant's oral statement was a discovery violation, we agree with the State that the record establishes that the violation was harmless error, for the reasons stated below.
Appellant's trial strategy was to admit that he stole the victim's car, but he denied using force, violence, assault, or putting the victim in fear. At trial, the State asked the detective witness whether Appellant made any statements about touching the victim. The detective responded by stating, "[Appellant] indicated to me that when the victim was by the car he rushed up to the car, sort of like a football player would rush up to another person, and was able to move her away from the car, get into the car, and drive off with it." Defense counsel requested a sidebar conference and informed the court that she was never made aware of any oral statements made by Appellant. She argued that the statement materially affected her defense. The trial court ruled that the State's failure to disclose Appellant's oral statement was not a discovery violation.
A prosecutor is required to disclose "any written or recorded statements and the substance of any oral statements made by the defendant" upon defense counsel's request. Fla. R.Crim. P. 3.220(b)(1)(C). For purposes of our harmless error analysis, we find that the State's failure to disclose that Appellant made an oral statement to the detective was a discovery violation. See Cox v. State, 819 So.2d 705 (Fla.2002) (holding that the State was required to disclose the defendant's oral statement to an investigator); State v. Evans, 770 So.2d 1174 (Fla.2000) (holding that the State's failure to disclose the substance *30 of any oral statement allegedly made by the defendant is a discovery violation). However, the discovery violation is harmless error if the appellate court can determine beyond a reasonable doubt that the error did not procedurally prejudice Appellant. Stimus v. State, 886 So.2d 996, 998 (Fla. 5th DCA 2004); Cox, 819 So.2d at 713.
We find that the discovery violation in this case was harmless error. In Cox, the supreme court described the State's burden in asserting that a discovery violation was harmless:
[W]here the State commits a discovery violation, the standard for deeming the violation harmless is extraordinarily high. A defendant is presumed to be procedurally prejudiced "if there is a reasonable probability that the defendant's trial preparation or strategy would have been materially different had the violation not occurred." Pomeranz v. State, 703 So.2d 465, 468 (Fla. 1997) (quoting State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995)). Indeed, "only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless." Id.

819 So.2d at 712. The supreme court previously held that "[t]rial preparation or strategy should be considered materially different if it reasonably could have benefitted the defendant." State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995) (emphasis added). If an appellate court determines that there is a reasonable possibility that an appellant was prejudiced by a discovery violation, or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful. Id. at 1020-21.
We find that the State has met this burden because the record demonstrates that Appellant's defense strategy would not and could not have been materially different had counsel known of his oral statement. Appellant would have still been forced to extensively cross-examine the detective to show that the detective's notes did not reflect Appellant's oral statement. Appellant did this at trial and also urged the jury to discount the detective's testimony.
As the State notes in its assertion of harmless error, the crucial evidence was that the 74-year-old victim was put in great fear. The victim testified that she was "mortified" when Appellant pushed past her and stole her car. The victim immediately ran into a library and was "hysterical." At trial, the victim testified that the incident brought up "bad memories." The victim's terror was corroborated by a librarian, who testified that the victim "seemed to be holding onto control by just a thread[.]" The librarian testified as to the victim's excited utterance that Appellant "pushed her away and had not pushed her down." Regardless of Appellant's pretrial oral statement, defense counsel still had to address evidence that Appellant terrified an elderly woman, his fingerprints were on the car, and he had confessed to stealing the car.
As the State argued at trial, although evidence of force was introduced, the State only had to prove that Appellant put the victim in fear. § 812.133, Fla. Stat. (2003). Indeed, the State began its closing argument by emphasizing that Appellant had put the victim in fear, not that he had intentionally used force. We find it significant that during closing argument the State did not refer to Appellant's pretrial oral statement to buttress its arguments on the use of force. In fact, Appellant discussed his pretrial oral statement in an attempt to discredit the detective, whose notes did not reflect the statement, and to highlight the perceived lack of evidence *31 regarding intentional force. The record demonstrates that even if defense counsel had been informed of Appellant's pretrial oral statement during discovery, the exact same trial preparation and strategy would have been used.
Appellant argues that he could have challenged the statement's admission and "investigated means of attacking the detective's credibility." However, Appellant provides no legal basis for suppressing this statement and does not provide any information on how he would have attacked the detective's credibility at trial. Appellant also acknowledged his right to remain silent in writing, but he waived that right. Appellant correctly notes that the victim could not identify him. Appellant also asserts that he may not have admitted to stealing the car, despite the presence of his fingerprints on the car. However, the fact that Appellant confessed to the detective belies this argument. With no grounds for suppressing the confession, Appellant's strategy could not have been materially different.
As in Cox, 819 So.2d 705, we find Appellant's assertions of how he could have altered his defense strategy to be "plausible in principle," but unsupported by the record. Id. at 713. We acknowledge that the supreme court in Cox stated that "where the State commits a discovery violation, the standard for deeming the violation harmless is extraordinarily high." Id. at 712. After a close examination of the record, we find that the State has met that burden here. We therefore AFFIRM Appellant's conviction because we find the record here establishes beyond a reasonable doubt that the State's discovery violation did not materially hinder Appellant's trial preparation.
AFFIRMED.
HAWKES, J., concurs; KAHN, C.J., dissents with written opinion.
KAHN, C.J., dissenting.
The majority's reliance upon the harmless error doctrine solves the two biggest problems in this case. First, we know that a discovery violation occurred, and second, and perhaps even more importantly, we know that the court below did not conduct the hearing required by Richardson v. State, 246 So.2d 771 (Fla.1971). Accordingly, Cox v. State, 819 So.2d 705 (Fla. 2002), primarily relied upon by the majority, is inapposite. In Cox, the trial court conducted a proper Richardson hearing. 819 So.2d at 711. Upon review of the results of that hearing, our supreme court concluded that the State had met its "extraordinarily high" burden of demonstrating the violation there was harmless. Id. at 712.
Where a court does not conduct a Richardson hearing, the reviewing court will find procedural prejudice when "there is a reasonable possibility that the discovery violation procedurally prejudiced the defense." State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995). Such procedural prejudice occurs where the court finds that a defendant's trial preparation or strategy would have been materially different had the violation not occurred. Id. The threshold for demonstrating procedural prejudice is exceeded when a court determines a "reasonable possibility" that such preparation or strategy would have been materially different. Id. at 1020-21. Moreover, the burden to establish harmless error in a situation such as we have before us here belongs to the State. Id. at 1020. A proper Richardson hearing, of course, would permit the trial court to determine in the first instance such a lack of prejudice-a determination that we would then review under Cox. See Charles v. State, 903 So.2d 314 (Fla. 2d DCA 2005).
*32 Here, appellant adopted a strategy that admitted theft of the car, but contested whether force or fear was used in the taking. Although this may not have been an ironclad defense, we must concede that on cross-examination, defense counsel elicited testimony that the victim did not know whether appellant brushed against her intentionally or unintentionally as he jumped into the car. In her objection to the trial court, counsel protested that her entire defense strategy had been based upon the State's failure to present persuasive evidence of an intentional use of a force, or intentionally putting the victim in fear. Whether we find these arguments persuasive is not particularly relevant. The point is that, on this record, we cannot say there is no possibility that defendant's trial preparation and strategy would not have been materially different had he known of the officer's trial testimony that appellant rushed up to the victim "sort of like a football player would rush up to another person."
I do not doubt that harmless error can be applied to a discovery violation. Such application should be guarded here, however, because the primary purpose of the Richardson hearing would have been to determine whether prejudice occurred to the defense. The majority asserts that not only was the discovery violation harmless error, but the failure to conduct the Richardson hearing was also harmless in this case. Respectfully, I cannot agree and I therefore dissent from the majority opinion.