966 So.2d 983 (2007)
Keith LASIAK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3857.
District Court of Appeal of Florida, Fifth District.
September 14, 2007.
James S. Purdy, Public Defender, and Michael S. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
We find no abuse of discretion in denial of the defendant's motions for mistrial and new trial made in response to the State's discovery violation. See Perez v. State, 856 So.2d 1074 (Fla. 5th DCA 2003). The State's discovery violation did not procedurally prejudice the defendant because there exists no "reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred." State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995). "Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant." Id. at 1020. Procedural prejudice is not simply that the defendant may have tried another trial strategy but rather whether such different strategy reasonably could have in any way benefited him. See e.g. Lynch v. State, 925 So.2d 444 (Fla. 5th DCA 2006); Powell v. State, 912 So.2d 698 (Fla. 2d DCA 2005); Rainey v. State, 596 So.2d 1295 (Fla. 2d DCA 1992). The record in this case reflects beyond a reasonable doubt the absence of any such strategy. See Kiser v. State, 921 So.2d 28 (Fla. 1st DCA 2006).
AFFIRMED.
PALMER, C.J., PLEUS and TORPY, JJ., concur.