WHATLEY, Judge.
This is an appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), of G.D.’s adjudication of delinquency for possession of cannabis and paraphernalia. After careful review of the record, we find no error in G.D.’s adjudication of delinquency.
Appellate counsel has raised an issue of merit regarding the trial court’s assessment of a public defender fee against G.D. without notice and an opportunity to object. G.D. preserved this issue for review by filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). His motion was deemed denied when the trial court took no action on it within sixty days. We find merit in this issue and reverse the public defender fee.
Section 938.29, Florida Statutes (2008), authorizes the assessment of a public defender fee and grants the state a lien to secure its payment. Although imposition of the fee is mandatory, see Cook v. State, 896 So.2d 870 (Fla. 2d DCA 2005), the statute requires the trial court to give the defendant notice and an opportunity to object to the amount. See § 938.29(5). In addition, Florida Rule of Criminal Procedure 3.720(d)(1) provides that at sentencing, a defendant must be given notice of the right to a hearing to contest the amount of the lien. Here, the trial court failed to provide G.D. notice and an opportunity to contest the public defender fee.
*328 Accordingly, we reverse the public defender fee. On remand, the trial court may reimpose the fee once our mandate issues only if it provides G.D. notice of its intent to do so and an opportunity for a hearing on the matter. See Bruno v. State, 960 So.2d 907 (Fla. 2d DCA 2007).
Affirmed in part, reversed in part, and remanded with directions.
SILBERMAN and CRENSHAW, JJ., Concur.