DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOEL JULES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3019

[October 21, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ilona Maxine Holmes, Judge; L.T. Case No. 09013345CF10B.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence on two counts of robbery with a firearm, and one count of assault. He argues the trial court erred in finding no *Richardson*[1] violation occurred when the defense did not become aware of money retrieved from the defendant's pocket at the crime scene until the middle of trial. We disagree and affirm.

The State charged the defendant with two counts of robbery with a firearm, one count of aggravated assault on a law enforcement officer, and one count of aggravated assault with a firearm. The charges arose when the defendant approached a couple in a parking lot, threatened them, and took approximately sixty dollars from them.

A man exiting the parking lot observed the robbery, and reported it to a police officer, who was working off-duty as a security guard. The defendant ultimately threatened a golf cart driver in an attempt to use the

___

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

cart to get away. The officer approached the defendant. The defendant failed to comply with the officer's direction, took an aggressive stance, and pointed his gun at the officer. The officer then shot the defendant.

At trial, the crime identification technician ("CIT") testified. Initially, he indicated he did not recover any money, but when asked about property found on the defendant, he indicated that defense counsel should check the property receipt. Defense counsel requested a *Richardson* inquiry. The following discussion ensued.

Defense counsel argued that the State had initially indicated no money was retrieved from the defendant's pockets. But after making a phone call that morning, the State informed defense counsel that money was taken into evidence. Defense counsel claimed prejudice because she relied on the original information in making her opening statement.

The State responded that it had submitted discovery to the defense containing the names of persons known to have relevant information, including the CIT. The discovery incorporated information in the police and lab reports, and "[t]angible papers or objects that were obtained from or belonging to the [d]efendant." It also included "[s]earch and seizure documents that are within the State's possession."

The trial court reviewed the court file to see what discovery was provided. The CIT's report indicated that a property receipt reflected the items found in the defendant's pockets. The State advised that all property receipts in its possession were turned over to the defense in discovery. Defense counsel continued to argue that the State had told her that no money was recovered. The trial court noted that the defense had not moved to compel any property, and requested the property receipt. The trial court then commented:

> There's no *Richardson* violation here. You know, just asking the State without more–in every case there's always a property receipt. I get motions to compel all the time. . . . But you know, here we are in the middle of trial and you're saying the State just made me aware that there's a property receipt, which could have been discovered, you know, well in advance before today. . . . [B]ut there's really no violation here.

The trial court again requested the property receipt, and offered defense counsel wide latitude in questioning the CIT if the money was on the property receipt. The trial court did not find willfulness on the State's part. The trial court indicated, "It's very clear at the top [of the property receipt].

2

Collected from the pants found in the parking lot. He took two 20's and two 5's out of the pocket. That would equate to $50, even though the alleged victim said he had $60." The trial court made the following findings:

> I'm going to find that there is no discovery violation. At best, it's inadvertent. Secondly, the Court has given you time. . . . I've offered to have [the CIT] recalled and give[] you wide latitude, to be hostile with him, if necessary. Get in his face. I'm not going to stop you on that. But as I told the jury, opening statements are not evidence. What the lawyers say is not evidence. The theme in the opening of the defense was inconsistency and lack [of evidence]. It could be anything; one of those two things given in this case. It is not the level of mistrial where I can find that [the Assistant State Attorney] intentionally withheld pertinent information from you that could have been found through the discovery process or by a motion to compel before any court to compel property receipts.
> . . . .
> The motion for mistrial is denied. The motion to find a *Richardson* violation is also denied.

The defendant moved for a judgment of acquittal, which the trial court denied. The defendant did not call any witnesses, and renewed his motion for judgment of acquittal, which the trial court denied. The jury found the defendant guilty of the two counts of robbery with a firearm, not guilty of aggravated assault on a law enforcement officer, and guilty of the lesser included offense of assault on the count for aggravated assault with a firearm. The trial court sentenced the defendant as a prison releasee reoffender and imposed concurrent life sentences on the robbery counts and time served on the assault count.

The defendant now appeals. He argues the trial court erred in finding no discovery violation and in admitting the money seized from his pants pocket. He argues the State told defense counsel before and during trial that no money was recovered. The CIT initially testified that he did not recover any money, but was recalled to introduce the recovered money. He argues he was procedurally prejudiced because his defense was lack of evidence and inconsistent testimony. He claims to have been ambushed by the evidence with no time to counter it.

The State responds that the trial court properly found no *Richardson* violation because the defendant was informed of the property receipt in discovery. Any alleged failure to disclose was inadvertent and

unintentional.  And exclusion would be too extreme of a sanction.

We review a trial court's decision on a *Richardson* hearing for an abuse of discretion.  *Conde v. State*, 860 So. 2d 930, 958 (Fla. 2003).

"Florida's criminal discovery rules are designed to prevent surprise by either the prosecution or the defense.  Their purpose is to facilitate a truthful fact-finding process." *Kilpatrick v. State*, 376 So. 2d 386, 388 (Fla. 1979).  "[A]n inquiry pursuant to *Richardson v. State,* 246 So. 2d 771 (Fla. 1971), should be made by the trial court when a violation of the discovery rules occurs . . . ." *Cuciak v. State*, 410 So. 2d 916, 917 (Fla. 1982).

Here, the State disclosed the CIT's lab reports in discovery.  Page four of the report specifically listed the defendant's jeans, and advised to "[s]ee property receipt for description of the items that were discovered in the pocket of jeans."  The defendant was on notice of and given permission to check the property receipt for the inventory of his jeans.  In addition, "all the property receipts that were in the State's possession were turned over in the discovery process."  The trial court noted that over the four years preceding trial, two status hearings were held, and the defense had not moved to compel the property receipt.

"An alleged abuse of discretion is judged by the general standard of reasonableness; in other words, if reasonable people could differ as to the propriety of an action taken by the trial court, the action is not unreasonable." *Tomengo v. State*, 864 So. 2d 525, 528 (Fla. 5th DCA 2004).  Because the State turned over all documents that indicated the presence of money, the defendant had the opportunity to review those documents, and he did not move to compel production, the trial court did not abuse its discretion in finding no discovery violation.[2]  We affirm.

*Affirmed.*

CIKLIN, C.J., and FORST, J., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

---

[2] In any event, any error on the *Richardson* hearing was harmless based on this record.  *Scipio v. State*, 928 So. 2d 1138, 1149–50 (Fla. 2006); *Lasiak v. State*, 966 So. 2d 983, 984 (Fla. 5th DCA 2007).