NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

Z.L.,                                        )
                                             )
            Appellant,                       )
                                             )
v.                                           )      Case No. 2D16-3504
                                             )
STATE OF FLORIDA                             )
                                             )
            Appellee.                        )
_____)

Opinion filed August 30, 2017.

Appeal from the Circuit Court for
Hillsborough County; Robert A. Bauman,
Judge.

Howard L. Dimmig, II, Public Defender, and
Anthony C. Musto, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin, Assistant
Attorney General, Tampa, for Appellee.


PER CURIAM.

            Z.L. appeals the disposition order finding him guilty of third-degree grand

theft.  We agree with the State's concession that the trial court conducted an inadequate

Richardson[1] hearing.[2]  Accordingly, we reverse the order finding Z.L. guilty and remand for a new adjudicatory hearing.

Z.L. is accused of having taken a Nintendo game system, five games, and a protective case for the Nintendo from his step-brother.  On the morning of the adjudicatory hearing, the victim informed the prosecutor that Z.L. had previously admitted to him that he committed the theft.  The prosecutor chose not to disclose the admission to the defense under the mistaken belief that Z.L. had waived disclosure by not deposing the victim.  See Powell v. State, 912 So. 2d 698, 701 (Fla. 2d DCA 2005) ("[T]he failure of the defense to depose a known witness 'is insufficient to overcome the state's failure to inform the defense of a statement made by the defendant to which the witness testifies.' " (quoting Rainey v. State, 596 So. 2d 1295, 1296 (Fla. 2d DCA 1992))).

After the victim testified about the admission, Z.L. correctly argued to the trial court that the State had committed a discovery violation by not disclosing the statement.  See State v. Evans, 770 So. 2d 1174, 1179 (Fla. 2000) ("In cases . . . where the State fails to disclose to the defendant, prior to trial, the substance of any oral statement allegedly made by the defendant, then the State has committed a discovery violation and the trial court must conduct a Richardson hearing upon learning of the

---

[1]Richardson v. State, 246 So. 2d 771 (Fla. 1971).

[2]Although the State also conceded that the evidence was legally insufficient to support the charged offense, we decline to accept that concession because the issue was unpreserved and the error is not fundamental.  See Young v. State, 141 So. 3d 161, 165 (Fla. 2013); Perry v. State, 808 So. 2d 268, 268 (Fla. 1st DCA 2002).

possible violation."); see also Fla. R. Juv. P. 8.060(h) (imposing a continuing duty to provide supplemental discovery).

In addressing the potential violation, the trial court did not make the findings that Richardson requires. See Knight v. State, 76 So. 3d 879, 888 (Fla. 2011) (explaining that when a party alleges a discovery violation, the trial court must inquire into the surrounding circumstances and determine (1) whether a discovery violation occurred, (2) "whether the State's discovery violation was inadvertent or willful," (3) "whether the violation was trivial or substantial," and (4) "most importantly, what affect [sic] it had on the defendant's ability to prepare for trial"). The court instead examined only one of the Richardson prongs—whether the violation was inadvertent or willful—and concluded, "to the extent that there's any violation, it was inadvertent." The court's failure to inquire into each of the Richardson prongs was error.

Further, that error was harmful. We cannot say "beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation," as "there is a reasonable possibility that [Z.L.'s] trial preparation or strategy would have been materially different" had he known that the State possessed an admission to the offense. Scipio v. State, 928 So. 2d 1138, 1147 (Fla. 2006) (quoting State v. Schopp, 653 So. 2d 1016, 1020–21 (Fla. 1995)). The court's inadequate Richardson hearing therefore necessitates a new adjudicatory hearing. See Ibarra v. State, 56 So. 3d 70, 72 (Fla. 2d DCA 2011).

Accordingly, we reverse the order finding Z.L. guilty of third-degree grand theft and remand for a new adjudicatory hearing on that offense.

Reversed and remanded.

CASANUEVA, CRENSHAW, and LUCAS, JJ., Concur.