NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

J.S.,                                        )
                                             )
            Appellant,                       )
                                             )
v.                                           )          Case No. 2D18-1221
                                             )
STATE OF FLORIDA,                            )
                                             )
            Appellee.                        )
_____ )

Opinion filed July 31, 2019.

Appeal from the Circuit Court for
Hillsborough County; Michael J. Scionti,
Judge.

Howard L. Dimmig, II, Public Defender, and
Daniel Muller, Assistant Public Defender,
Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona Beach,
for Appellee.


VILLANTI, Judge.

         J.S. seeks review of the disposition order that withheld adjudication on a

charge of grand theft firearm and sentenced him to a term of probation not to exceed his

nineteenth birthday. Because the trial court failed to hold a sufficient Richardson[1]

hearing when a potential discovery violation by the State was brought to its attention,

we reverse and remand for a new adjudicatory hearing.

Overnight between November 4 and 5, 2017, someone broke into a pick-

up truck that was parked at a residence near Bell Shoals Road in Brandon and stole two

rifles and a pistol from inside. The ensuing police investigation led to the arrest of J.S.

and three codefendants on charges of burglary and grand theft firearm.

Before the start of the adjudicatory hearing, the State had not disclosed to

J.S. any witness whose testimony would place him near the scene of the burglary and

theft or who would place any of the stolen firearms in his possession. Instead, the only

identified lay witness—Sacory Rodriguez—had given a statement to the police

indicating that he saw the stolen firearms only after they were brought to his house and

abandoned there. At the adjudicatory hearing, however, Rodriguez testified that he

picked up J.S. and his codefendants on Bell Shoals Road near the scene of the burglary

and that when he did so J.S. was carrying one of the stolen rifles.

Based on the fact that Rodriguez's testimony materially differed from his

statement provided by the State in discovery, J.S. requested a Richardson hearing. In

response, the trial court asked whether Rodriguez had been identified as a witness by

the State and whether defense counsel had deposed him. When defense counsel

indicated that Rodriguez had been identified but had not been deposed, the trial court

denied the request for a further hearing. The trial court persisted in this ruling even after

defense counsel advised that the State had not disclosed that Rodriguez's testimony at

---

[1]Richardson v. State, 246 So. 2d 771 (Fla. 1971).

trial would differ from his earlier statement to police and that J.S.'s trial preparation would have been different had he known of this change by Rodriguez.

At the conclusion of the adjudicatory hearing, the court found J.S. guilty of one count of grand theft firearm based on his possession of recently stolen property. It withheld adjudication and, as part of the sentence, imposed a variety of costs. J.S. now appeals the determination of guilt, as well as two of the costs imposed.

I.        **Richardson Violation**

J.S. first contends that the trial court erred by refusing to hold a full Richardson hearing when it was discovered that the State had failed to inform J.S. that Rodriguez would provide testimony at trial different from that provided in his statement to the police. This contention is correct.

> Under Richardson [v. State, 246 So. 2d 771 (Fla. 1971),] when the State violates a discovery rule, the trial court has discretion to determine whether the violation resulted in harm or prejudice to the defendant, but this discretion can be properly exercised only after adequate inquiry into all the surrounding circumstances. State v. Hall, 509 So. 2d 1093 (Fla. 1987). In making such an inquiry, the trial judge must first determine whether a discovery violation occurred. If a violation is found, the court must assess whether the State's discovery violation was inadvertent or willful, whether the violation was trivial or substantial, and most importantly, what affect it had on the defendant's ability to prepare for trial. Id.

Sinclair v. State, 657 So. 2d 1138, 1140 (Fla. 1995). If the court determines that no discovery violation has occurred, it need not proceed with the other steps, and that is apparently what the trial court determined in this case. However, the information before the court did not support that determination.

- 3 -

The State's discovery obligations in juvenile cases are codified in Florida Rule of Juvenile Procedure 8.060. Rule 8.060(a)(2)(A) requires the State to disclose to the defense "[a] list of the names and addresses of all persons known to the [State] to have information which may be relevant to the allegations [or] to any defense with respect thereto." Rule 8.060(a)(2)(B) requires the State to provide "[t]he statement of any person whose name is furnished in compliance with the preceding paragraph." The rule defines the term "statement" to include any written statement made by the person or any type of statement made by the person that is "recorded or summarized in any writing or recording." Moreover, rule 8.060(h) obligates the State to provide updated information to the defense:

> (h) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which the party would have been under a duty to disclose or produce at the time of such previous compliance, the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.

Fla. R. Juv. P. 8.060(h). Under the adult counterpart to these rules, the Florida Supreme Court has held that the effect of this continuing obligation is to require the State to disclose to the defense any material change in the anticipated testimony of a person whose identity and statements the State had an initial obligation to disclose. See, e.g., Andres v. State, 254 So. 3d 283, 293 (Fla. 2018) ("Failure to disclose an oral statement which constitutes a material change to a witness's recorded statement is a discovery violation that triggers a full Richardson hearing."); Scipio v. State, 928 So. 2d 1138, 1142 (Fla. 2006); State v. Evans, 770 So. 2d 1174, 1182 (Fla. 2000). Hence, the State commits a discovery violation when it

- 4 -

provides the defendant with a witness's "statement"—as that term is defined in rule 3.220(b)(1)(B)—and thereafter fails to disclose to the defendant that the witness intends to change that statement to such an extent that the witness is transformed from a witness who "didn't see anything" into an eyewitness who observed the material aspects of the crime charged.

Evans, 770 So. 2d at 1182. This same obligation to disclose material changes in prior statements applies to cases involving the rules of juvenile procedure. See, e.g., H.T. v. State, 967 So. 2d 374, 376 (Fla. 3d DCA 2007); B.T.G. v. State, 694 So. 2d 767, 768 (Fla. 1st DCA 1997).

Here, it appears from the limited hearing held by the trial court that the State failed to disclose to J.S. that Rodriguez intended to change his testimony from the statement he made to the police in which he did not see J.S. in possession of any of the firearms to one in which he was an eyewitness to J.S.'s possession of one of the stolen firearms near the scene of the burglary and theft. Standing alone, this appears to be at least a potential discovery violation by the State. Further, as J.S. properly points out, the trial court's focus on whether defense counsel had deposed Rodriguez was misplaced because "the failure of the defense to depose a known witness 'is insufficient to overcome the state's failure to inform the defense of a statement made by the defendant to which the witness testifies.' " Powell v. State, 912 So. 2d 698, 701 (Fla. 2d DCA 2005) (quoting Rainey v. State, 596 So. 2d 1295, 1296 (Fla. 2d DCA 1992)). Therefore, because there was at least a colorable claim that the State violated its obligation to provide supplemental discovery that was not negated by J.S.'s decision not to depose Rodriguez, the trial court should have conducted a further Richardson inquiry as requested by J.S., and it erred by failing to do so.

In this appeal, the State concedes that the trial court erred by failing to conduct a further Richardson inquiry, but it contends that this error is harmless. The record does not support the State's position.

> In determining whether a Richardson violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred.

State v. Schopp, 653 So. 2d 1016, 1020 (Fla. 1995). "[T]he inquiry is whether there is a reasonable possibility that the discovery violation 'materially hindered the defendant's trial preparation or strategy.' " Scipio, 928 So. 2d at 1150 (quoting Schopp, 653 So. 2d at 1020). And "only if the appellate court can determine beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless." Id.

In this case, we cannot say beyond a reasonable doubt that J.S. was not procedurally prejudiced by the State's failure to disclose the change in Rodriguez's testimony. When J.S. appeared for trial, he was defending against a charge that required the State to prove that he possessed at least one of the stolen firearms, and he had no information from discovery to show that the State had any such evidence. Instead, the statement of the only witness to the offense was not going to place J.S. anywhere near the scene of the crime or in possession of any of the firearms. At trial, the change in Rodriguez's testimony was such that it now provided the State with direct eyewitness testimony to establish the missing element of its case. On these facts, there is a reasonable probability that J.S.'s trial preparation and strategy would have been

different had he known that the State now had this additional evidence. Therefore, the trial court's error cannot be deemed harmless, and we must reverse and remand for a new adjudicatory hearing.

**II.        Costs**

In addition to his argument concerning the Richardson hearing, J.S. also argues that two costs were improperly imposed as part of his sentence. While our reversal for a new hearing renders this issue moot, we nevertheless address his arguments concerning the two disputed costs for guidance to the trial court on remand.[2]

First, J.S. contends that the trial court erred by imposing a $1 fee pursuant to section 939.185(1)(a), Florida Statutes (2017). That statute permits counties to adopt local laws that impose additional court costs "when a person pleads guilty or nolo contendere to, or is found guilty of, or adjudicated delinquent for, any felony, misdemeanor, delinquent act, or criminal traffic offense under the laws of this state." Id. Because the statute permits the imposition of costs only when a juvenile is "adjudicated delinquent," any such costs cannot be imposed when adjudication is withheld. See, e.g., R.F. v. State, 42 So. 3d 333, 335 (Fla. 2d DCA 2010) (reversing imposition of a cost under section 939.185(1)(a) because that statute "does not provide for the imposition of the cost when the court withholds adjudication of delinquency"). Hence, should the proceedings on remand result in another disposition order withholding adjudication, this cost may not be imposed.

---

[2]Our discussion of these two cost issues should not be construed in any way as a comment on how the new adjudicatory hearing should conclude on remand.

Second, J.S. contends that the trial court erred by imposing a $100 fee for the services of the public defender pursuant to section 938.29(1)(a), Florida Statutes (2017), because the court did not provide J.S. with notice of his right to contest the fee and an opportunity to be heard. Under section 938.29(1)(a), a fee for the public defender's assistance of no less than $100 shall be assessed against any defendant who is convicted of a felony, regardless of whether adjudication has been withheld. However, section 938.29(5) requires that the defendant be given notice of his or her right to object to the determination of the award of a public defender fee and an opportunity to be heard on the matter. A trial court's failure to provide a defendant with such notice and opportunity to be heard requires this court to reverse the imposition of the fee and remand for further proceedings. See, e.g., Newton v. State, 262 So. 3d 849, 850 (Fla. 2d DCA 2018); G.D. v. State, 42 So. 3d 327, 328 (Fla. 2d DCA 2010).

Here, the record shows that J.S. was never provided with either notice of his right to contest the imposition of the public defender fee or an opportunity to be heard on the issue. Accordingly, the public defender fee was imposed in error. If the proceedings on remand result in the court considering imposition of the public defender fee, it may do so only if it provides J.S. notice of its intent to do so and an opportunity to be heard. See G.D., 42 So. 3d at 328; Bruno v. State, 960 So. 2d 907, 908 (Fla. 2d DCA 2007).

Reversed and remanded for further proceedings.


CASANUEVA and LUCAS, JJ., Concur.