PER CURIAM.
Leonardo Materno appeals his conviction for manslaughter, contending that there must be a new trial on account of discovery violations by the State. As the defendant’s claims are refuted by the record, we affirm the conviction.
One of the witnesses against defendant-appellant Materno was Alfredo Ayala, whose sworn statement to the police had been turned over to the defense. While on the stand, Ayala, testified to an incriminating statement that the defendant had made, which was not contained in Ayala’s sworn statement.[1] Defendant argues that the failure to disclose to the defendant the substance of any oral statement made by him constitutes a discovery violation, see Fla. R. Crim. P. 3.220(b)(1)(C), and that the Richardson[2] inquiry was inadequate.
Defendant’s argument on this point is refuted by the record. When questioned further,'Ayala testified that he had never previously told the police about the incriminating statement the defendant now complains about, and acknowledged that he was saying it “today for the first time in this courtroom.” There was no discovery violation. “[N]one of the rules of criminal procedure relating to discovery require the State to disclose information which is not within the State’s actual or constructive possession.” Sinclair v. State, 657 So.2d 1138, 1141 (Fla.1995).
Defendant’s second claim of discovery violation is likewise without merit. While defendant claims there was a nondisclosure of one of defendant’s statements to the detective who investigated the case, the record refutes this claim. When cross-examined, the detective pointed out that the allegedly nondisclosed fact was included in his written report, which was given to the defense.[3]
Affirmed.

. Ayala testified, in part, that the defendant and co-defendant Jose Fernandez told him "[t]hey had a gun and they were looking for them [the victim and Jorge Fernandez] to kill them.”

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. On this appeal, the defendant also argues that the State failed to disclose the fact that the defendant said he threw a pipe at the *360 victim. Defendant made no such argument in the trial court. The pipe throwing incident is set forth in the defendant's own sworn statement.