889 So.2d 979 (2004)
Hilton IRISH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1587.
District Court of Appeal of Florida, Fourth District.
December 22, 2004.
*980 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
The appellant challenges his conviction and sentence for possession of marijuana with intent to sell. Over appellant's objection, the trial court permitted a detective to testify to a statement made by appellant, although the statement was not revealed to the defense prior to the day of trial. We conclude that the trial court's admission of the statement was in violation of Richardson v. State, 246 So.2d 771 (Fla.1971), and reverse as we cannot say beyond a reasonable doubt that appellant was not procedurally prejudiced by the discovery violation.
Two officers on drug surveillance observed appellant Irish playing dominoes behind a strip plaza. Three separate times vehicles drove up and the passengers who exited walked up to Irish. On each occasion, the officers observed the passenger give money to Irish, who would reach into his pocket and give something back to the passenger. The officers moved in and approached Irish who, after seeing the officers, reached into his pocket and threw down a brown bag that contained several small packages. The packages tested positive for marijuana, and Irish was arrested.
Irish moved to suppress the stop and seizure, and a hearing was held just prior to the commencement of trial. At the suppression hearing, both officers testified that as Irish dropped the bag he said, "That's not my bag." Defense counsel cross-examined one of the officers and asked if he remembered testifying in deposition that Irish had not made any statements. The officer explained that he thought his deposition testimony was referring to any statements Irish made while in jail. The trial court denied the motion to suppress.
At trial, when the first officer testified, the state asked whether Irish made any statements to him. Irish objected on the ground that the statement the officers testified to during the suppression hearing had not been disclosed in pretrial discovery. The state admitted that the statement had not been disclosed, as the prosecutor had only found out about it at the suppression hearing. At first the trial court sustained the objection. However, after reconsidering the issue, the court *981 reviewed the requirements of Richardson. It concluded that the violation was not willful and did not procedurally prejudice Irish, as the court thought that Irish's statement that the bag did not belong to him inured to his benefit. The officer was therefore allowed to testify to the statement. Irish was ultimately found guilty by the jury.
Florida Rule of Criminal Procedure 3.220(b)(1)(C) requires the prosecution to disclose "the substance of any oral statements made by the defendant." "[W]here the State fails to disclose to the defendant, prior to trial, the substance of any oral statement allegedly made by the defendant, then the State has committed a discovery violation and the trial court must conduct a Richardson hearing upon learning of the possible violation." State v. Evans, 770 So.2d 1174, 1179 (Fla.2000). The factors that a court needs to consider when conducting a Richardson hearing to determine if a discovery violation has occurred are: 1) whether the violation was inadvertent or willful; 2) whether it was trivial or substantial, and most importantly; 3) whether it has prejudiced the opposition's ability to prepare for trial. Richardson v. State, 246 So.2d 771, 775 (Fla.1971); Flores v. State, 872 So.2d 441, 443 (Fla. 4th DCA 2004).
Even if a violation is inadvertent, as this one apparently was, the most important question is whether the defendant is procedurally prejudiced in his preparation for trial. A violation can be harmless if it does not prejudice the defendant. On appeal, the standard of review is strict. In State v. Schopp, 653 So.2d 1016, 1020-21 (Fla.1995), the court said:
In determining whether a Richardson violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant. In making this determination every conceivable course of action must be considered. If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful. In other words, only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.

(Emphasis added). Applying that standard to this case, we conclude that the absence of procedural prejudice has not been shown beyond a reasonable doubt. The defense theory, as indicated in its opening statement, was that Irish possessed, but was not selling, the marijuana. This claim of possession was negated by Irish's statement that the bag was not his, undermining his theory of the defense. Thus, the Richardson violation was not harmless.
We affirm on the two remaining issues raised, as we conclude that the trial court did not abuse its discretion in admitting the evidence complained of, based upon the objections made at trial.
Reversed and remanded for a new trial.
FARMER, C.J. and SHAHOOD, J., concur.