931 So.2d 1063 (2006)
Rene LANDRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1872.
District Court of Appeal of Florida, Fourth District.
July 5, 2006.
*1064 Gregory J. Morse of Morse & Morse, LLC, Special Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
The primary issue on appeal is whether the trial court committed reversible error by failing to conduct a Richardson[1] hearing. We conclude that a hearing was required and reverse.
Landry was charged with child abuse. At trial, the victim, his daughter, testified to the facts of the charge. During direct examination, the state asked:
State: Have I or anyone  has anyone asked you to tell a lie about this, [victim]?
[Victim]: Yes.
State: Who?
[Victim]: My dad.
At that point, defense counsel objected, claiming a discovery violation because he was never informed about the alleged statement by Landry to the victim, notwithstanding having taken the victim's deposition. Based on the fact that defense counsel had deposed the victim at length, the trial court concluded that there had been no discovery violation.
Florida Rule of Criminal Procedure 3.220(b)(1)(C) requires the prosecution to disclose "the substance of any oral statements made by the defendant." "[W]here the State fails to disclose to the defendant, prior to trial, the substance of any oral *1065 statement allegedly made by the defendant, then the State has committed a discovery violation and the trial court must conduct a Richardson hearing upon learning of the possible violation." Irish v. State, 889 So.2d 979, 981 (Fla. 4th DCA 2004) (quoting State v. Evans, 770 So.2d 1174, 1179 (Fla.2000)).
The duty to disclose extends to a defendant's statements made to a witness who is not an agent of the state. In Sears v. State, 656 So.2d 595 (Fla. 1st DCA 1995), the court reversed the trial court's failure to conduct a Richardson hearing, where alleged statements made by the defendant to the victim were not disclosed. In Materno v. State, 766 So.2d 358 (Fla. 3d DCA 2000), the court considered whether there had been an adequate Richardson hearing when a witness against the defendant testified to a statement not contained in the witness' sworn statement.
A Richardson hearing is required when there is a possible discovery violation in order to flesh out whether there has indeed been a discovery violation. In this situation, by merely inquiring if defense counsel had taken the victim's deposition, the court could not know, by its limited inquiry, whether a violation had occurred. Although the state may not have asked the question to elicit this response, and the prosecutor may not have known of the defendant's statement to the victim until the victim responded on the stand, these determinations can be made only through the mandated hearing.
We note that, as Landry points out, the state did not ask the victim if he, or another state agent, told her to lie, but, rather, asked her if "anyone" told her to lie.
We cannot say the error was harmless. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
We remand for a new trial. All other issues on appeal are moot.
POLEN and FARMER, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).