ROTHENBERG, Judge.
H.T., a juvenile, appeals from an order withholding adjudication of delinquency, *375 placing him on probation, and ordering payment of recovery costs and attorney’s fees. Because we conclude that the trial court erred in failing to conduct a Richardson[1] hearing, and we cannot conclude that the error is harmless, we reverse and remand for a new trial.
On the night of June 14, 2006, two police officers from the Miami-Dade County School Board responded to a silent alarm triggered at the Paul W. Bell Middle School. There, the officers confronted H.T. and another juvenile male. H.T.’s companion was carrying a metal' prying bar. The officers drew their weapons, ordered the two juveniles to the ground, and took them into custody.
While in custody, H.T. made incul-patory statements to the officers both before and after receiving Miranda warnings.[2] In his pr e-Miranda statements, H.T. admitted that the pair had broken into the school, popped open a vending machine, and removed money. After receiving Miranda warnings, H.T. repeated these admissions, showed the officers where he and his companion entered the school, and pointed out the damaged vending machine. The officers asserted, in a sworn arrest affidavit, that all of H.T.’s pre-Miranda statements were made “spontaneously.” H.T. was charged with burglary of an unoccupied structure and petit theft.
At the adjudicatory hearing, one of the arresting officers testified that after taking H.T. into custody, but before reading the Miranda warnings, the officer asked H.T. the following question: “What are you doing here?” H.T. responded, “Sorry man, you know, we broke into the school, we don’t want to go to jail, and we will never do it again,” thereby inculpating himself. This testimony sharply conflicted with the assertion in the sworn arrest affidavit that all of H.T.’s pr e-Miranda statements were made spontaneously. Based on the new evidence presented in court, defense counsel objected to the introduction of H.T.’s statements pursuant to Richardson, arguing that the State had waited until trial to disclose that H.T.’s pr e-Miranda statements were made in response to custodial interrogation, and that this late disclosure was a discovery violation. See Fla. R. Juv. P. 8.060(h) (stating’that the parties shall promptly disclose or produce any newly discovered witnesses, evidence, or material).
Without conducting a Richardson hearing, the trial court overruled the objection on the basis that the State had previously disclosed the fact that some of H.T.’s admissions were made before the reading of his Miranda rights. This finding, however, completely misses the point of defense counsel’s objection. While defense counsel was put on notice that his client had made statements pr e-Miranda, defense counsel relied on the discovery provided by the State reflecting that the statements H.T. made prior to being advised of his Miranda rights were spontaneous. It was during trial that defense counsel learned that, contrary to the discovery he had been provided pre-trial, H.T.’s pr e-Miranda statements had not been made spontaneously and were in fact provided as responses to questions posed by law enforcement. Based upon this newly acquired evidence, defense counsel had a good faith, viable motion to suppress H.T.’s statements.
Because the officer’s testimony conflicted with the information contained in the arrest affidavit (that the pr e-Miranda *376 statements made by H.T. were spontaneous), and defense counsel objected citing to Richardson, the trial court was required to conduct a hearing to determine: (1) if there was a discovery violation; (2) if a discovery violation did occur, whether it was inadvertent or willful and whether it was trivial or substantial; and (3) its effect on the defense’s ability to prepare for trial. Sinclair v. State, 657 So.2d 1138, 1140 (Fla.1995). Although defense counsel’s objection clearly alleged a discovery violation, see C.D.B. v. State, 662 So.2d 738, 741 (Fla. 1st DCA 1995) (stating that no magic words are necessary to trigger the requirement that the trial court conduct a Richardson hearing), the trial court simply found that there was no discovery violation without conducting a Richardson hearing. This was error. See Landry v. State, 931 So.2d 1063, 1065 (Fla. 4th DCA 2006) (“A Richardson hearing is required when there is a -possible discovery violation in order to flesh out whether there has indeed been a discovery violation.”).
A hearing was required to determine if the State was aware, prior to the officers’ testimony at trial, that despite the representation in the arrest affidavit that H.T.’s pre-Miranda statements were spontaneous, the officer would testify that these statements were made pursuant to custodial questioning by law enforcement. If the inquiry led to a finding that the State was aware of this information prior to trial and failed to disclose it to the defense, then the trial court would have been required to find that a discovery violation occurred, requiring further inquiry regarding willfulness, materiality, and prejudice. Because the trial court failed to conduct the requisite hearing, it was in no position to conclude that no discovery violation had occurred.
We cannot conclude that the failure to conduct a Richardson hearing was harmless error. If there was a discovery violation, then the prejudice is obvious and substantial. Had defense counsel known that H.T.’s pre-Miranda statements were made in response to custodial interrogation, defense counsel would have had a viable motion to suppress both the pre-Miranda and post -Miranda statements made by H.T. We are not persuaded by the State’s argument that defense counsel could have litigated a motion to suppress H.T.’s statements during trial. H.T.’s statements were central to the State’s case. Prior to litigating such a critical motion, defense counsel would most likely have wanted to depose the officers, research the law, and have case law to provide to the trial court when making its arguments in favor of suppression. Depending on the trial court’s ruling, the defense of the case might have changed. The trial court’s failure to conduct a Richardson hearing in this case, thus results in reversible error.
Reversed and remanded for new trial.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).