DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES CLARK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D11-4357

[March 2, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John Kastrenakes, Judge; L.T. Case No. 2011CF000175AXX.

Benjamin S. Waxman of Robbins, Tunkey, Ross, Amsel, Raben & Waxman, P.A., Miami, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

In appealing his conviction for DUI manslaughter, appellant raises multiple issues, mainly dealing with the use of a police officer as an expert in accident reconstruction, as well as the trial court's failure to grant a challenge for cause to a juror and improper closing argument by the State. These errors were not properly preserved before the trial court and do not constitute fundamental error, thereby requiring affirmance of the conviction and sentence.

The accident giving rise to the charges occurred one evening on Yamato Road in Palm Beach County, a four-lane divided road. The elderly victim was attempting to make a u-turn from the eastbound u-turn lane. She inched out into oncoming traffic and was struck by appellant, who was driving westbound. The victim died in the accident. Appellant's blood alcohol level was between 0.135 and 0.145 milligrams per hundred milliliters of blood, exceeding the legal limit of 0.08.

At trial, the State presented two traffic homicide investigators. The first investigator, who had been on the scene, described the damage to the vehicles, as well as the tire tracks and location of the vehicles at rest. Based upon his observations, he thought speed was a contributing factor to the accident. He had also encountered appellant and smelled alcohol on his breath. The second traffic investigator performed an accident reconstruction to determine the speed of the vehicles. He testified that in his opinion, appellant was travelling eighty-two miles per hour at impact. He opined that had appellant been driving at the forty-five miles per hour speed limit, the accident would not have happened.

To counter that testimony, the defense presented an accident reconstruction expert to testify that, based upon the crush of the vehicles, appellant could not have been travelling at eighty-two miles per hour. He testified that the collision was unavoidable.

In rebuttal, the State recalled the first traffic investigator to rebut the defense expert's testimony with respect to the crush analysis. The defense claimed surprise, as this witness had not been listed as an expert witness. Counsel asked for a *Richardson*[1] hearing, which the court conducted. The State admitted that nothing in the first investigator's testimony concerned the method and manner of crush damage. The court asked if there was any information provided by any other expert that would have put the defendant on notice that the State disputed how the defense expert conducted his crush analysis and speed calculation. The State noted that it had offered its own accident reconstruction expert, and the defense had deposed him.

The court found that there had been a discovery violation and that the use of a different witness (the first investigator for the accident reconstruction expert) was intentional. Regarding procedural prejudice, defense counsel maintained that he was prejudiced because he didn't know what the first investigator would say in rebuttal. But the State countered that it had always intended to use the accident reconstructionist who had offered opinions on crush factors. The court then suggested that an adjournment for the day would allow the defense to have an opportunity to speak to the first investigator. Defense counsel rejected that remedy, saying he needed only five or ten minutes to talk with the investigator. The judge then recessed the court. When court reconvened, the court asked defense counsel whether he was prepared to proceed, and counsel responded affirmatively. The trial continued, leading

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

to a guilty verdict. From the conviction and sentence, appellant brings this appeal.

Appellant first claims that the court erred in failing to conduct an adequate *Richardson* hearing. *See Richardson*, 246 So. 2d at 775-76. We find this to be without merit, as the trial court agreed that there had been a *Richardson* violation and provided appellant with a remedy. The defense counsel declined an adjournment, opting for a short recess to talk to the expert. After speaking to the expert, defense counsel pronounced himself ready to proceed. No further objection was made.

> The factors that a court needs to consider when conducting a *Richardson* hearing to determine if a discovery violation has occurred are: 1) whether the violation was inadvertent or willful; 2) whether it was trivial or substantial, and most importantly; 3) whether it has prejudiced the opposition's ability to prepare for trial.

*Irish v. State*, 889 So. 2d 979, 981 (Fla. 4th DCA 2004). Where a violation has occurred, exclusion of evidence or a witness may be a remedy but "should only be imposed where there is no other adequate remedy." *McDuffie v. State*, 970 So. 2d 312, 321 (Fla. 2007).

A *Richardson* violation is subject to a harmless error analysis. *M.N. v. State*, 724 So. 2d 122, 124 (Fla. 4th DCA 1998). *State v. Schopp*, 653 So. 2d 1016 (Fla. 1995), instructs on the evaluation of harmless error on appeal:

> In determining whether a *Richardson* violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant. In making this determination every conceivable course of action must be considered. If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful. In other words, only if the appellate court can say beyond a reasonable doubt that the

> defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.

*Id.* at 1020–21.

Here, the trial court determined that there was a discovery violation and gave defense counsel the remedy he requested—to talk with the State's investigator. After availing himself of this opportunity, defense counsel pronounced himself ready to proceed. If defense counsel needed more time or determined that the remedy was inadequate, it was incumbent on counsel to notify the court of any inadequacies. Because counsel was ready to proceed, we can clearly state that any *Richardson* violation was harmless beyond a reasonable doubt under the standard of *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

In addition, appellant claims that the trial court committed fundamental error in allowing the first investigator to testify as an expert in crush analysis and speed when the qualifications of the officer to so testify were not placed in evidence. The defense never argued below that the investigator was not qualified to render an opinion on crush or speed change, and instead argued a discovery violation. The issue therefore was not preserved. *See Anderson v. State,* 863 So. 2d 169, 181 (Fla. 2003) (holding that a claim was not preserved for review where the defense failed to object on the specific grounds advanced on appeal). Moreover, not only was the investigator's testimony not objected to, he had already testified to his extensive qualifications in accident reconstruction and speed analysis in the State's case, even though he was not tendered as an expert. Therefore, it appears from the record that he *was* qualified to testify.

Nor would any omission of his qualifications amount to fundamental error, as there is no claim that it "reach[ed] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *State v. Delva,* 575 So. 2d 643, 644 (Fla. 1991) (quoting *Brown v. State,* 124 So. 2d 481, 484 (Fla. 1960)); *see also Daniels v. State,* 121 So. 3d 409, 417 (Fla. 2013). This is unlike *Wright v. State,* 348 So. 2d 26 (Fla. 1st DCA 1977), relied on by appellant, which concluded that it was fundamental error to allow a medical examiner to testify regarding premeditation in a murder case, for which he was unqualified to give an opinion. *Id.* at 31. As this was the *only* evidence of premeditation in *Wright,* the error satisfied the definition of fundamental error, in that the verdict could not have been obtained without the medical examiner's testimony. *Id.* In this case, in contrast, there was substantial other evidence from which the jury could have reached its verdict.

Also unpreserved is appellant's contention that the trial court erred in denying his challenge for cause to a juror. In order to preserve such issues for appeal, a defendant must object to the juror, exhaust all peremptory challenges, request an additional challenge, and identify a specific juror that he or she would have excused if given an additional challenge. *See Matarranz v. State*, 133 So. 3d 473, 482 (Fla. 2013). Here, although defense counsel requested a challenge for cause as to a juror, exhausted his peremptory challenges, and asked for an additional one, he did not identify a specific juror upon whom he would have exercised a challenge if available. Therefore, we do not address this issue on the merits.

Likewise, appellant's claims of prosecutorial misconduct in closing argument were not preserved by contemporaneous objection and were not fundamental error. The one objection made to the State's use of a photograph of the victim, which had been taken five months before the collision, was not error. The defense objected as "facts not in evidence" to the prosecutor's representation that the photograph was taken five months before the accident. During the trial, the photograph had been admitted without objection, and the court had announced to the jury at the time of its admission that it reflected the victim "as she appeared in life." Even if the exact date of the photograph was not strictly in evidence, we conclude that no reversible error occurred.

Appellant did preserve his objection to the court's prohibition of a lay witness in offering her opinion as to whether the victim's turn into traffic was unusual. However, it appears in the record that defense counsel rephrased the question and the witness was able to testify what was unusual about the victim's turn. Therefore, no reversible error occurred.

Finally, appellant's challenge to the court's failure to give a defense instruction on his theory of defense was not preserved and was, in fact, waived when the defense withdrew the instruction. We also reject appellant's claim that the jury instruction on causation was incomplete and inaccurate.

For the foregoing reasons, we affirm the conviction and sentence.

STEVENSON and FORST, JJ., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***