FULMER, Judge.
R.D. appeals his delinquency adjudication for robbery. We reverse because the trial court erred in excluding a defense witness without first conducting a Richardson[1] hearing.
At the start of the adjudicatory hearing and in response to a question by the trial judge, R.D.’s counsel indicated that she was going to call two witnesses. The trial court asked all witnesses to stand and be sworn. After the witnesses were sworn, the State objected to the defense using a witness who was not disclosed in discovery. Counsel for R.D. explained that the witness had information regarding R.D.’s *864 appearance at the time of the robbery. Counsel stated: “[the witness] has been here all morning and I have advised counsel for the State of his presence and of our intent of calling him as a witness.” The trial court ruled that the witness would not be permitted to testify because the defense had not previously disclosed the witness to the State.
The State presented testimony of a loss prevention detective for Marshall’s Department Store who positively identified R.D. as one of two people who stole merchandise from the men’s department and engaged in a physical altercation with the detective before fleeing from the store. The detective indicated that R.D. had changed his appearance between the robbery and the adjudicatory hearing and explained that R.D. wore his hair in dreadlocks during the robbery. R.D. testified that he was misidentified, that he was not involved in the robbery, and that he did not wear his hair in dreadlocks on the date of the robbery.
When a trial court is alerted to a possible discovery violation, the trial court is required to make an adequate inquiry into the totality of the circumstances, including whether the violation was inadvertent or willful, whether it was trivial or substantial, and most important, whether it prejudiced the opposition’s ability to prepare for trial. See Richardson v. State, 246 So.2d 771, 775 (Fla.1971). Reversal is required when the trial court fails to make a sufficient Richardson inquiry and the error is not harmless. See Livigni v. State, 725 So.2d 1150 (Fla. 2d DCA 1998); Comer v. State, 730 So.2d 769 (Fla. 1st DCA 1999); C.D.B. v. State, 662 So.2d 738 (Fla. 1st DCA 1995).
We are unable to conclude on this record that the trial court’s failure to conduct a Richardson inquiry before excluding the defense witness was harmless beyond a reasonable doubt.
Reversed and remanded for a new adjudicatory hearing.
WHATLEY, J., and THREADGILL, EDWARD F., Senior Judge, Concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).