838 So.2d 665 (2003)
Christopher SUDA, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-488.
District Court of Appeal of Florida, First District.
March 4, 2003.
John M. Weinberg, Miami, for Appellant.
Charlie Crist, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Christopher Suda, appeals his judgment and sentence for trafficking in *666 Methylenedioxymethamphetamine (MDMA) on the grounds that the trial court abused its discretion in admitting the testimony of an undisclosed State witness. We agree, and reverse and remand the matter for a new trial.
While the trial court properly found the State's failure to disclose the witness prior to trial was error, it abused its discretion in finding that the discovery violation was harmless because Suda was aware of the existence of the witness, and could have deposed her prior to trial.
[W]here the State commits a discovery violation, the standard for deeming the violation harmless is extraordinarily high. A defendant is presumed to be procedurally prejudiced "if there is a reasonable [possibility] that the defendant's trial preparation or strategy would have been materially different had the violation not occurred."
Cox v. State, 819 So.2d 705, 712 (Fla.2002) (quoting State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995)). In this case, there is a reasonable possibility that had the State disclosed prior to trial its intent to call the witness, Suda would not only have deposed the witness, but may very well have altered his trial strategy. Thus, we cannot say beyond a reasonable doubt that Suda was not procedurally prejudiced by the discovery violation, and we reverse and remand for a new trial. See Cox, 819 So.2d at 712. In light of our determination as to this issue, we see no need to address Suda's other claim.
Reversed and remanded for a new trial.
DAVIS, BROWNING and POLSTON, JJ., concur.