988 So.2d 1194 (2008)
Luis MUNIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3884.
District Court of Appeal of Florida, Second District.
August 13, 2008.
*1195 James Marion Moorman, Public Defender, and Jeffrey M. Hazen, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Luis Muniz appeals his judgment and five-year sentence for grand theft of a motor vehicle. Muniz raises four issues on appeal, but we address only the issue regarding a discovery violation. We reverse and remand for a new trial because the trial court did not conduct an adequate Richardson[1] inquiry on the discovery violation, and we cannot conclude that the error was harmless.
Muniz's trial was conducted over two days. Jury selection was completed on June 18, 2007. On June 21, 2007, before the jury was sworn, defense counsel argued a motion in limine, asserting that the State had committed a discovery violation by not disclosing a witness until the previous day. The witness, Norman Slocum, was a potential rebuttal witness who would testify concerning the whereabouts of Stanley Babicz, the victim of the theft, on the morning of the incident. Defense counsel asked that the court either preclude Slocum from testifying at trial or grant a continuance to allow the defense to take his deposition and properly prepare for trial. Counsel argued that the defense was prejudiced by the State's late disclosure of the witness.
The trial court determined that it would hold a Richardson hearing if and when the State called Slocum as a witness. Defense counsel pointed out that he brought the issue up at that time so that they did not get halfway through trial and then face the potential remedy of a mistrial. The court proceeded with the trial.
The parties presented conflicting evidence at trial as to whether Muniz took Babicz's motor vehicle without his consent. Babicz testified as a prosecution witness that he hired Muniz to do some painting and drywall work. On December 31, 2006, Muniz was working at Babicz's home. Babicz testified that at around 3:00 p.m., he told Muniz that he was going to his horse stable and would be gone for about thirty minutes. When he returned home, his white van was missing and Muniz was not there. Babicz stated that Muniz did not have permission to take the van.
Muniz testified on his own behalf and admitted that he took the van. However, he claimed that Babicz had given him permission *1196 to drive the van home. Muniz's mother also testified for the defense. She stated that on December 31, 2006, she drove Muniz to work because the family had just one car. She testified that she dropped Muniz off at Babicz's residence at about 11:30 a.m. and that she spoke with Babicz. She stated that Babicz told her that she looked tired and that he would take Muniz home or let Muniz take his van home.
In rebuttal, the State called Norman Slocum as a witness. The trial court stated that "this probably takes us to the Richardson hearing" and engaged in a discussion with counsel outside the presence of the jury. The prosecutor acknowledged that Slocum had not been listed as a witness until the day before (Wednesday) and indicated that the State had not been aware of him until Monday afternoon. The prosecutor added that he had attempted to contact defense counsel on Tuesday. He noted that Slocum would rebut Mrs. Muniz's testimony "that she had [a] conversation with the victim, Mr. Babicz." Slocum would "testify that Mr. Babicz was out fishing with him on a lake at the time that [Mrs. Muniz] claims she dropped off the defendant and had a conversation with Mr. Babicz."
Defense counsel argued that the defense would be prejudiced because he had no opportunity to properly depose Slocum. Counsel stated that he had been working on the case for three to four months and that it would affect his trial strategy. Counsel requested either the exclusion of the witness or a mistrial. He reminded the court that this is what he had wanted to avoid when he raised the issue earlier in the trial. The prosecutor responded by explaining the inadvertent nature of the violation and that Slocum's testimony would be brief. The prosecutor admitted that the testimony was important and that he was "not trying to litigate the impact of the testimony."
The trial court found that the nondisclosure was an inadvertent discovery violation, and the defense does not dispute that finding on appeal. The trial court then stated as follows:
Whether it's prejudicial or not, what I'll do is allow you to depose the witness since we're going into the lunch recess now. So if you want to depose the witness, then you can take a formal deposition, if you can find a reporter somewhere to do that.
If not you can  you can certainly have the opportunity to interrogate him and take his statement more formally during the lunch recess. If you want to come back after lunch, I'll allow the state to call the witness as a rebuttal witness.
Thus, without determining whether the violation was prejudicial, the trial court ruled that it would allow Slocum to testify but that the defense could take his deposition during the lunch recess.
After lunch, Slocum testified that on December 31, 2006, he was fishing with Babicz from approximately 8:30 a.m. until 2:00 p.m. This testimony rebutted Mrs. Muniz's testimony that she had spoken with Slocum at 11:30 a.m., when she had taken Muniz to work. Babicz also testified in rebuttal that he was fishing with Slocum that day from 8:30 a.m. until 1:30 or 2:00 p.m. and that he never had a conversation with Mrs. Muniz that morning.
On appeal, Muniz argues that the trial court erred by failing to conduct an adequate Richardson hearing regarding the State's late disclosure of witness Slocum. He further contends that the record does not support a conclusion that the defense was not prejudiced by the discovery violation and that this court cannot consider the trial court's failure to conduct an adequate Richardson hearing as harmless error.
*1197 When a trial court becomes aware of a discovery violation, it must conduct a Richardson hearing to determine "whether the violation was inadvertent or willful, whether it was trivial or substantial, and, most important, whether it prejudiced the defendant's ability to prepare for trial." Charles v. State, 903 So.2d 314, 316 (Fla. 2d DCA 2005). Here, the trial court determined that the discovery violation was inadvertent but did not determine if the violation prejudiced Muniz's ability to prepare for trial. Although the court attempted to cure the violation by allowing defense counsel to take Slocum's deposition during the lunch recess, this remedy provided little relief because the State had already presented its case-in-chief and the defense had already presented its evidence. At that point, the defense could not change its trial preparation or strategy, including its decision to call Mrs. Muniz as a witness. We agree with Muniz that the trial court erred in failing to conduct an adequate Richardson inquiry as to the discovery violation.
We must next apply a harmless error test that focuses on "whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense." Id. at 317 (quoting State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995)). The Florida Supreme Court has clarified that the harmless error standard in Schopp does not focus on the discovery violation's effect on the verdict. Scipio v. State, 928 So.2d 1138, 1149 (Fla.2006). Rather, "the inquiry is whether there is a reasonable possibility that the discovery violation `materially hindered the defendant's trial preparation or strategy.'" Id. at 1150 (quoting Schopp, 653 So.2d at 1020). "[O]nly if the appellate court can determine beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless." Id. (citing Schopp, 653 So.2d at 1021). The State has the burden to show that the error is harmless. Schopp, 653 So.2d at 1020; Powell v. State, 912 So.2d 698, 701 (Fla. 2d DCA 2005). When "`the State commits a discovery violation, the standard for deeming the violation harmless is extraordinarily high.'" Scipio, 928 So.2d at 1149 (quoting Cox v. State, 819 So.2d 705, 712 (Fla. 2002)).
The record does not reflect that the error is harmless. The defense strategy was that Muniz had permission from Babicz to take the van. Without Slocum's testimony, it was essentially Babicz's testimony against the testimony of Muniz and his mother. Mrs. Muniz provided corroboration to the defense that Babicz gave Muniz permission to take the van. Had the defense known of witness Slocum and had an opportunity to depose him prior to trial, the defense may have changed its strategy. For example, the defense may not have called Mrs. Muniz to testify knowing that Slocum, as a disinterested witness, and Babicz would both rebut her testimony. Or, the defense may have further investigated Slocum's proposed testimony. Based on our record, we cannot say beyond a reasonable doubt that Muniz did not suffer procedural prejudice from the discovery violation. See Suda v. State, 838 So.2d 665, 666 (Fla. 1st DCA 2003) (reversing and remanding for a new trial where the State's failure to disclose prior to trial its intent to call a witness "may very well have altered" the defendant's trial strategy).
Therefore, we reverse and remand for a new trial. Because of our reversal of Muniz's conviction, we need not resolve a vindictive sentencing issue that may have merit. However, "in an abundance of caution," we direct that a different judge conduct *1198 the new trial. Ealy v. State, 915 So.2d 1288, 1292 (Fla. 2d DCA 2005).
Reversed and remanded.
CASANUEVA and LaROSE, JJ., Concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).