RAMIREZ, J.,
(dissenting).
I dissent because the State’s admitted discovery violation in this case materially affected defense counsel’s trial strategy and this warrants a new trial.
Abel Hernandez was convicted after a jury trial of petit theft and burglary for stealing plastic' tubing inside an unoccupied dwelling. In opening statement, defense counsel told the jury that Hernandez had nothing to do with the theft of the plastic tubing, and that he had been charged with burglary and theft simply because he was a homeless person who was sleeping in the vicinity of the house and his fingerprint was found on the outside of the house but not inside the house.
The owner of this unoccupied house testified at trial that he arrived at the property on September 29, 2007, and found that various items had been removed. The house had been rented out to two tenants who had moved out some time prior to the owner’s arrival on September 29th. The owner had not been to the property for at least three weeks. Upon his arrival he saw that three air conditioning units had been removed from the outside wall, all of the copper wiring had been stripped from inside the house, and plastic tubing had been ripped out. He testified that he had not given Abel Hernandez permission to enter the house.
The lead investigator in the case, Detective Desiree Serrano, testified at trial that Abel Hernandez was arrested after she received “a latent hit” on a fingerprint that was processed from the burglarized house. Hernandez was found crossing the street in the area where he slept outside on the street. When he was taken into custody, Hernandez did not have any property from the house in his possession. When he was questioned by the detective, Hernandez denied going into the house. According to the detective, Hernandez said he entered the fenced-in yard of the house and took a plastic covering off a water heater that was outside the house. When the detective asked Hernandez why his prints would be on the window of the house, Hernandez said he didn’t know. Hernandez said he had entered the house at some point in time, but by then other people had taken everything from the house.
On cross-examination, defense counsel asked the detective if the information she received indicated if the latent fingerprint was taken from the inside of the window or the outside of the window. The detective responded, “On the property receipt it says inside the residence.” Defense counsel asked if the detective was referring to a document entitled, “Burglary Scene Report.” The detective said she was not referring to that document; she was referring to a property receipt which was submitted to the lab. The detective said she had received a copy of that property receipt. Defense counsel then showed the detective a document which indicated only that the print had been taken from the east end of the window.
Officer Ramon Martinez testified that he responded to the house to collect evidence. He dusted for fingerprints on any surface where he felt he could obtain a print. He lifted a latent print from a bedroom window and from a piece of wood in the dining room. When the prosecutor asked him if the print on the window was lifted from the inside of the window or the outside of *451 the window, Officer Martinez said he needed to refer to a document in his possession to answer that question. The officer referred to the document and then testified that the print had been lifted from the inside of the window.
On cross-examination, Officer Martinez acknowledged that neither his report nor the latent fingerprint card indicated that the print had been found on the inside of the bedroom window. The only document which indicated that the print was found on the inside of the window was a property receipt. Officer Martinez did not bring the receipt to court for the trial.
Defense counsel asked the court for a sidebar conference at the conclusion of the testimony of Officer Martinez. The judge denied defense counsel’s request.
The State’s final witness at trial was a latent fingerprint examiner who testified that the latent print taken from the window of the house matched the fingerprint of Abel Hernandez. On cross-examination, the witness testified that the latent fingerprint card did not indicate whether the print was found on the inside of the window or the outside of the window. He stated that information was contained in a property receipt which he had brought to court.
The State rested its case. Defense counsel was finally given the opportunity to argue that the State had committed a discovery violation by failing to disclose the property receipt which indicated that the print had been found on the inside of the window. Counsel told the court that none of the documents in his possession indicated that the print had been found on the inside of the window, and the State had never given him a copy of the property receipt. Counsel also told the court that when he deposed the officer who lifted the print from the window, that officer had not produced any property receipt and the officer said he did not recall whether the print had been lifted from the inside or the outside of the window. Defense counsel argued that he had been prejudiced by this discovery violation because the defense he had presented to the jury in his opening statement had been based on the State’s inability to establish that Hernandez’s print had been found inside the house.
The court asked defense counsel why he had not filed a motion to compel production of the property receipt. Defense counsel told the judge he could not have filed a motion to compel production of that document because he had no idea that such a document existed. The judge then asked defense counsel how he was prejudiced. The judge acknowledged that the opening statement would have been different, and asked what defense counsel would have done differently in terms of trial preparation. Defense counsel admitted that his trial preparation would not have changed, but that his trial strategy in terms of his opening statement and the testimony he elicited on cross-examination would have been different if he knew about the property receipt.
The prosecutor conceded that she had committed a discovery violation by not providing a copy of the property receipt to the defense. The prosecutor claimed that the violation was inadvertent.
The court found that the defense had not been prejudiced by the State’s failure to disclose the property receipt, and denied defense counsel’s motion for a mistrial. In closing argument, the State repeatedly focused the jury’s attention on the evidence presented at trial which established that Hernandez’s print had been found on the inside of the window.
After initially sending a note to the judge indicating that they could not reach a unanimous verdict, the jury found Her *452 nandez guilty as charged of burglary and petit theft. The court entered adjudications of guilt and sentenced Hernandez to a thirty four month term of imprisonment for the burglary conviction, and time served for the petit theft conviction.
When a trial court receives notice of a discovery violation, it must conduct an inquiry into the circumstances surrounding the violation. See Richardson v. State, 246 So.2d 771 (Fla.1971). In conducting a Richardson hearing, the trial court must inquire as to whether the violation “(1) was willful or inadvertent; (2) was substantial or trivial; and (3) had a prejudicial effect on the aggrieved party’s trial preparation.” State v. Evans, 770 So.2d 1174, 1183 (Fla.2000). As to the third factor:
[T]he defense is procedurally prejudiced if there is a reasonable possibility that the defendant’s trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant.
State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995) (emphasis added).
In its decision in Scipio v. State, 928 So.2d 1138, 1149 (Fla.2006), the Florida Supreme Court clarified the meaning of the term “procedural prejudice” in the context of a State discovery violation:
An analysis of procedural prejudice does not ask how the undisclosed piece of evidence affected the case as it was actually presented to the jury. Rather, it considers how the defense might have responded had it known about the undisclosed piece of evidence and contemplates the possibility that the defense could have acted to counter the harmful effects of the discovery violation. Evans, 721 So.2d at 1210. By contrast, an analysis of substantive prejudice would ask whether it was possible that the error affected the jury’s verdict. Schopp, 653 So.2d at 1021. While this standard itself is a high one for the State to overcome, it is of an entirely different quality than a procedural prejudice analysis. Id. at 1019.
In denying the defense motion for mistrial based on the State’s discovery violation in failing to disclose the prior written statement of Officer Martinez, the trial judge in this case determined that the defense had not been prejudiced by the violation. However, this finding cannot be squared with the Florida Supreme Court’s definition of procedural prejudice in Scipio.[1] As defense counsel explained to the trial judge, the defense he was presenting at trial prior to the disclosure of the property receipt was based in large part on the fact that the State had no evidence which established that Abel Hernandez had ever been inside the house in question. In his opening statement, defense counsel told the jury that Hernandez had been charged because his fingerprint was found on the outside of the house but not inside the house. The new evidence made a liar out *453 of defense counsel and totally destroyed his credibility with the jury. Certainly, defense counsel established procedural prejudice, and the trial court therefore erred in denying the motion for mistrial.
In Muniz v. State, 988 So.2d 1194 (Fla. 2d DCA 2008), the Second District Court of Appeal reversed a criminal conviction and remanded for a new trial based on circumstances similar to those in the instant case. The issue in Muniz concerned a trial judge ruling allowing the State to call rebuttal witness Slocum who had not been disclosed to the defense prior to trial. Id. at 1196. The trial judge ruled that any prejudice to the defense from the late disclosure of the witness could be cured by allowing the defense to depose the witness during a lunchtime recess in the trial. Id. The defense took the deposition of the witness, and the witness then gave testimony which contradicted testimony which had previously been given by a defense witness, Mrs. Muniz. Id. The appellate court found that the procedural prejudice to the defense had not been cured due to the mid-trial timing of the disclosure of the rebuttal witness’ testimony:
Although the court attempted to cure the violation by allowing defense counsel to take Slocum’s deposition during the lunch recess, this remedy provided little relief because the State had already presented its case-in-chief and the defense had already presented its evidence. At that point, the defense could not change its trial preparation or strategy, including its decision to call Mrs. Muniz as a witness. We agree with Muniz that the trial court erred in failing to conduct an adequate Richardson inquiry as to the discovery violation.
Id. at 1197; see also H.T. v. State, 967 So.2d 374, 376 (Fla. 3d DCA 2007) (procedural prejudice from State’s discovery violation was “obvious and substantial” where State did not disclose until the middle of adjudicatory hearing that juvenile’s statements were made not spontaneously but pursuant to custodial questioning by law enforcement).
Just as in Muniz and H.T., the fact that in this case the evidence which the State failed to disclose in discovery was not disclosed until the middle of the trial after defense counsel had given his opening statement and after defense counsel had cross-examined the lead detective established procedural prejudice because the defense trial strategy was materially hindered by the State’s discovery violation. Thus, the trial court erred in finding that the defense had not been procedurally prejudiced by the State’s discovery violation.
The error was not harmless. The Florida Supreme Court has made it clear that the harmless error standard for a State discovery violation does not focus on the discovery violation’s effect on the verdict, but on the effect of that violation on defense counsel’s trial preparation or strategy:
We now clarify that Schopp’s harmless error standard does not focus on whether the discovery violation would have made a difference in the verdict. Such an analysis would make the standard for procedural prejudice identical to substantive prejudice. Instead, we reaffirm our statements in Schopp that the inquiry is whether there is a reasonable possibility that the discovery violation “materially hindered the defendant’s trial preparation or strategy.” Schopp, 653 So.2d at 1020. Under Schopp, only if the appellate court can determine beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless. Id. at 1021.
*454 Scipio, 928 So.2d at 1149-1150. In the present case, had the State disclosed the property receipt defense counsel certainly would not have told the jury in opening statement that the evidence at trial would not establish that the print was found on the inside of the house. Likewise, defense counsel certainly would not have cross-examined the lead detective concerning whether the print had been found on the outside or the inside of the window. Additionally, the State took full advantage of these tactical errors by the defense caused by its own discovery violation in repeatedly emphasizing in its closing argument the fact that the defendant’s print was found on the inside of the window.
In my view, the record in this case conclusively demonstrates a reasonable possibility that the discovery violation materially hindered Hernandez’s trial strategy, and therefore that violation was not harmless error. Accordingly, I would reverse Hernandez’s convictions and sentences and remand for a new trial.

. The standard of review on this issue is abuse of discretion. Cox v. State, 819 So.2d 705 (Fla.2002).
“However, where the State commits a discovery violation, the standard for deeming the violation harmless is extraordinarily high. A defendant is presumed to be procedurally prejudiced 'if there is a reasonable probability that the defendant's trial preparation or strategy would have been materially diffei'ent had the violation not occurred.’ Pomeranz v. State, 703 So.2d 465, 468 (Fla.1997) (quoting State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995)). Indeed, ‘only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.’ Id." Cox, 819 So.2d at 712.